UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

CASE NO.:

VERONICA ZULIANI, on behalf of herself
and those similiary situated,

    Plaintiff,
v.

SANTA ANNA, LLC, a Florida Limited Liability
Company, and MARIO SPINA, individually,

    Defendants.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, VERONICA ZULIANI, ("Plaintiff"), on behalf of herself and other current and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, SANTA ANNA, LLC., a Florida Limited Liability Company ("SA"), and MARIO SPINA, ("MS") ("collectively "Defendants"), and states as follows:

## NATURE OF THE SUIT

1. This action is brought under the FLSA to recover from Defendants minimum wage, overtime compensation, liquidated damages, and reasonable attorneys' fees and costs under the FLSA.

2. This action is intended to cover Defendants' wage violations against Plaintiff and on behalf of other similarly situated current and former non-exempt "tipped" employees of the Defendants, who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), within the past three (3) years pursuant to the FLSA.

## PARTIES

3. Plaintiffs are non-exempt hourly paid service/restaurant employees and performed related activities for Defendants in Broward County, Florida. Plaintiff's job duties as non-exempt tipped employees included, at varying times, serving food, cleaning tables, bussing tables, bartending, and other non-management/non administrative tasks involved in the production aspect of serving patrons food and beverages at Defendants' restaurant.

4. Defendant, SA, a Florida Limited Liability Company, is a restaurant located within Broward County, Florida.

5. Defendant, MS, is an individual and *sui juris*, is a manager and owner of SA, and acts directly and indirectly in the interest of Defendant, SA. Upon reasonable belief, MS frequents SA and has the power to direct employee's actions and is a member of the management. MS's management responsibilities (including hiring and firing, setting rates of pay, scheduling, etc), degree of control over day-to-day operations and compensation practices, and role in causing SA to improperly compensate employees in violation of the FLSA makes Defendant, MS, an individual employer pursuant to 29 USC § 203(d).

6. Under the FLSA, to determine "joint employer" status, courts examine, among other things, whether the alleged employer : (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records.

7. Based on the allegations of Paragraphs 5-6, above, Defendants SA and MS are "joint employers" as defined by the FLSA, and are individually, jointly, and severally liable for the violations at issue in this lawsuit pursuant to 29 C.F.R. § 791.2(b) and as employers under the FLSA, 29 U.S.C. §203(d).

## JURISDICTION

8. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

9. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

10. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## COVERAGE

11. At all times during the last three (3) years, Defendants were a jointly covered enterprise covered (as joint employers) by the FLSA and as defined by 29 U.S.C.§§ 203(r) and 203(s).

12. At all times during the last three (3) years, Defendants were the "joint employers" within the meaning of the FLSA.

13. Defendants were, and continue to be, "joint employers" within the meaning of FLSA.

14. At all times material hereto, Defendants were, and continue to be, a joint "enterprise engaged in commerce" or in the production of goods for commerce within the meaning of § 3 (s)(1) of the Act, in that, said joint enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

15. Based upon information and belief, the annual and joint gross revenue of Defendants was in excess of $500,000.00 per annum during the all times relevant.

16. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as food, drinks, beverages, cash registers, pots, pans, dishwashing equipment, telephones and other kitchen, food preparation and office materials and tools.

17. At all times material hereto, Plaintiffs were "engaged in commerce" by virtue of the fact that they regularly completed financial transactions with Defendants' customers' credit card companies, banks, and third-party payment processing services outside the State of Florida, and with foreign customers/tourists as part of their daily duties with Defendants.

18. At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by Defendants in that Defendants could not operate their restaurant and businesses without, among others, bussers, servers, and bartenders.

19. At all times material hereto, Defendants performed related activities, for a common business purpose, and with shared employees and operational control as explained in above.

20. At all times material hereto, Defendants owned and operated for a common business service, to serve food and beverage to the general public in a sit-down restaurant setting.

21. At all times material hereto, Defendants utilized the same vendors, and often a single account with the same vendors.

22. At all times material hereto, Defendants shared employees in common, such that multiple employees worked for all of the Defendants, simultaneously within the same workweeks, and worked interchangeably between the Defendants.

23. At all times material hereto, as a matter of economic reality, Defendants were a joint enterprise.

**FACTUAL ALLEGATIONS**

24. Defendants operate and/or operated a fine dining restaurant located in Broward County Florida.

25. Plaintiff worked for Defendants as non-exempt hourly paid "tipped" employee during the relevant limitations period under the FLSA. During her employment, Plaintiff worked anywhere between 36-47 hours each workweek. Plaintiff also worked at parties/special events catered by Defendants.

26. Plaintiff is not in possession of all of her pay and time records, and cannot, therefore, calculate with certainty, the amount of minimum wages, overtime and tips she is entitled to as a result of Defendants' violations of the FLSA on a week by week basis, absent full access to same.

27. While Defendants paid Plaintiff a tipped wage plus tips, Defendants regularly deducted from Plaintiff, and other similar situated employees, improper amounts for bussers and hostesses, and other employees, that were never actually paid to said employees.

28. Under the FLSA, if a joint employer satisfies the tip credit requirements, it may apply a portion of the employee's tips (up to a maximum of $3.02 per hour in Florida during all times relevant) to satisfy its obligation to pay its employees at least a minimum wage. The burden is on the employers to prove they are entitled to take the tip credit against the employee's wages pursuant to the FLSA.

29. To utilize the tip credit under the FLSA, the employer must pay its employees the proper minimum wage and allow its tipped employees to retain **all the tips** they receive,

except when there is a **valid arrangement for** "pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m). If an employer fails to satisfy either requirement, it may not take advantage of the tip credit and must pay its tipped employees the full applicable minimum wage for each and every hour worked during each workweek.

30. Defendants failed to satisfy the tip pooling requirements of 29 U.S.C. § 203(m) during all times relevant, because of their conduct described above in illegal withholding tips and not paying them to the appropriate employees for whom they were designated. Thus, Defendants were not eligible for the tip credit and were required to pay Plaintiff, and others similarly situated, the full applicable minimum wage rate required by the FLSA.

31. By failing to satisfy the requirements of 29 U.S.C. § 203(m) during all times relevant, Defendants were not eligible for the tip credit and were required to pay Plaintiffs the full applicable overtime wage rate required by the FLSA.

32. During all times relevant, Defendants utilized the tip credit to pay Plaintiffs, who served food and/or beverages to Defendants' customers, at an hourly wage rate that was less than the applicable minimum wage allowed under the FLSA. Additionally, Defendants did not allow Plaintiffs to retain all of their tips. Defendants required Plaintiffs to pay a portion of their tips to non-tipped employees and/or employees who illegally received tips shares such as managers, polishers, and food expeditors.

33. During all times relevant, Plaintiff worked over forty (40) hours during multiple weeks of employment with Defendants.

34. During all times relevant, Defendants did not pay Plaintiffs the applicable minimum wage rate for regular hours worked.

35. During all times relevant, Defendants did not pay Plaintiffs the applicable overtime wage for overtime hours worked.

36. Moreover, during all times relevant, Defendants willfully engaged in practices that denied Plaintiff applicable minimum and overtime wages under the FLSA, because Defendants were aware that their tip pooling practices were illegal.

37. Prior to filing suit, Plaintiff's counsel notified Defendants in writing that Plaintiff had retained him, and that Plaintiff intended to pursue a collective action claim for minimum wage and overtime damages.

38. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION (FLSA)
### (AS TO ALL PLAINTIFFS)

39. Plaintiffs reincorporate and re-allege paragraphs 1 through 38 as though set forth fully herein and further alleges as follows:

40. Plaintiff, and those similarly situated, are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid proper time and one half compensation for same.

41. Plaintiff is not an exempt employees as defined by the FLSA.

42. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to him, time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

43. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half the applicable minimum wage for their overtime hours.

44. Prior to the filing of this lawsuit, Defendants did not consult with a lawyer to determine whether their pay practices were in violation of the FLSA.

45. Prior to the filing of this lawsuit, Defendants did not consult with an accountant to determine whether their pay practices were in violation of the FLSA.

46. Prior to the filing of this lawsuit, Defendants did not consult with the DOL to determine whether their pay practices were in violation of the FLSA.

## COUNT II
## RECOVERY OF MINIMUM WAGES (FLSA)
## (AS TO ALL PLAINTIFFS)

47. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-38 above.

48. Plaintiff, and those similarly situated, were entitled to be paid the applicable federal minimum wage for each week Plaintiff worked during Plaintiff's employment with Defendants.

49. Defendants failed to pay Plaintiff, and those similarly situated to her, the federal minimum wage for each week Plaintiff worked for Defendants.

50. Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate Plaintiff for same.

51.     As a result of Defendants' actions in this regard, Plaintiff has not been paid the federal minimum wage for each hour worked during one or more weeks of employment with Defendants.

52.     Defendants had specific knowledge that they were paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

53.     Specifically, by engaging in illegal tip pooling practices, Defendants attempted to utilize a tip credit which diminished the appropriate payment of minimum wages to Plaintiff, and those similarly situated, as required by the FLSA.

54.     Defendants willfully failed to pay Plaintiff the federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

55.     As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff, and those similarly situated, has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants, and that this Court:

   a. Declare, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

   b. Award Plaintiff, and those similarly situated, overtime compensation in the amount due to them time worked in excess of forty (40) hours per work week;

   c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

   d. Award Plaintiff, and those similarly situated to her, minimum wages in the

      amount due to her for each hour worked in each work week;

e. Award Plaintiff liquidated damages in an amount equal to the minimum wages award;

f. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

g. Award Plaintiff pre-judgment interest; and ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 24th day of October, 2017.

      Respectfully Submitted,

      **/s NOAH E. STORCH**
      Noah E. Storch, Esq.
      Florida Bar No. 0085476
      Richard Celler, Esq.
      Florida Bar No. 0173370
      Richard Celler Legal, P.A
      7450 Griffin Road, Suite 230
      Davie, FL 33314
      Telephone: (866) 344-9243
      Facsimile: (954) 337-2771
      Email: noah@floridaovertimelawyer.com
      Email: richard@floridaovertimelawyer.com

      *Attorneys for Plaintiff*