UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-62080-CIV-MORENO/SELTZER

VERONICA ZULIANI, on behalf of
herself and those similarly situated,

    Plaintiffs,

vs.

SANTA ANA, LLC, a Florida limited liability
company, and MARIO SPINA,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** has come before the undersigned pursuant to the Order of Referral [DE 26] of this case to the undersigned "to take all necessary and proper action as required by law **with respect to any and all pretrial matters."** The Order of Referral cited Magistrate Rule 1(C) and expressly stated that the undersigned "need not submit a Report and Recommendation to this Court for disposition of non-dispositive motions which have been referred." The District Court reserved to itself rulings on applications to extend or modify any pretrial deadlines or the trial date.

Following the denial of her motion for conditional class certification, Plaintiff, Veronica Zuliani, filed a Motion to Amend/Correct Case Caption [DE 54] for the purpose of adding the three opt-in Plaintiffs (Anthony Clancy ("Clancy"), Mauricio Velez ("Velez"), and Casey Malone ("Malone")) to the caption. As this motion is dispositive of the opt-in Plaintiffs' claims in this case, the undersigned submits this Report and Recommendation.

Citing Mickles v. Country Club, Inc., 887 F.3d 1270 (11th Cir. 2018),[1] Zuliani argues that the act of filing written consent to join the case pursuant to 29 U.S.C. § 216(b) rendered Clancy, Velez, and Malone party plaintiffs and, therefore, their names should be added to the caption and they should be permitted to participate in mediation. Defendants oppose the requested relief, arguing that they would be prejudiced in defending claims brought by three additional plaintiffs given the impending pretrial deadlines.[2] Further, relying upon the Eleventh Circuit's recent decision in Mickles, Defendants request that the opt-in Plaintiffs be dismissed from this action without prejudice and that the statute of limitations on their FLSA claims be tolled from the dates they filed their written consents.

Mickles presented an issue of first impression: "whether an opt-in plaintiff is required to do anything beyond filing a written consent to become a party plaintiff." Id. The court held that opt-in plaintiffs become parties to the action "upon the filing of a consent and that nothing further, including conditional certification, is required." Id. at 1278. Thus, the court held that the opt-in plaintiffs had standing to appeal the dismissal of their claims with prejudice. Id. However, the matter did not end there. The Mickles court also considered the district court's order denying conditional certification and an order of clarification. After finding that the district court did not abuse its discretion in denying conditional certification, the Mickles court noted exactly what Defendants propose: "Generally, when conditional certification of a collective action is denied, existing opt-in plaintiffs are dismissed from the

---

[1] The Mickles decision was entered two weeks after the Court denied Plaintiff's Motion for Conditional Class Certification.

[2] The discovery deadline in this case is June 1, 2018, and the deadline for filing dispositive pretrial motions is June 15, 2018 [DE 49].

lawsuit without prejudice and the matter proceeds on the named plaintiff's individual claims." Mickles, 887 F.3d at 1280 (citing Fox v.Tyson Foods, Inc., 519 F.3d 1298, 1301 (11th Cir. 2008)).  However, the court also noted that some "[d]istrict courts have also allowed opt-in plaintiffs to stay in the litigation even after certification is denied."  Mickles, 887 F.3d at 1280.  The Eleventh Circuit remanded the case with instructions "for the district court to either (1) dismiss Appellants from the case without prejudice to refile, or (2) go forward with Appellants' individual cases since discovery has been completed."  Id. at 1281 (emphasis added).

     The undersigned concludes that it is appropriate in this case to follow the general rule and dismiss the opt-in Plaintiffs' claims without prejudice.  As an initial matter, Velez and Malone filed their consents outside the deadline for adding additional parties to the litigation.  And although Clancy filed his consent to join on the last day for amending pleadings to join additional parties, Zuliani chose to seek conditional certification and did not move to amend her complaint to add Clancy as a named plaintiff.  Therefore, unlike in Mickles, the discovery in this case proceeded as though Clancy, Velez, and Malone were not parties. Indeed, the undersigned denied a Motion to Compel all discovery requests pertaining to Clancy and stated that Defendants could renew the motion if Clancy were to become  "a party either through class certification or the filing of an Amended Complaint." [DE 37] Paperless Order dated 3/19/18.  The undersigned finds that Defendants would be prejudiced in attempting to defend the claims of the three opt-in Plaintiffs without discovery at this late date.

3

In conclusion, the undersigned respectfully recommends as follows:

(1) that Plaintiff's Motion to Amend Case Caption [DE 54] be **DENIED**:

(2) that opt-in Plaintiffs Anthony Clancy, Mauricio Velez, and Casey Malone be **DISMISSED WITHOUT PREJUDICE** from this action; and

(3) that the statute of limitations be tolled from the date(s) upon which the written consents to join were filed -– that is, for Anthony Clancy, from February 9, 2018; and for Mauricio Velez and Casey Malone, from March 12, 2018.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers, Fort Lauderdale, Florida, this 25th day of May 2018.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished via CM/ECF to:

Hon. Federico A. Moreno
Counsel of record via CM/ECF

4