UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

CASE NO.: 17-cv-62080-FAM

VERONICA ZULIANI, on behalf of herself
and those similiary situated,

      Plaintiff,

v.

SANTA ANNA, LLC, a Florida Limited Liability
Company, and MARIO SPINA, individually,

      Defendants.
_____/

**JOINT MOTION REQUESTING ORDER APPROVING CONFIDENTIAL
SETTLEMENT AGREEMENT AND TO DISMISS LAWSUIT WITH PREJUDICE**

      Plaintiff VERONICA ZULIANI and Defendant SANTA ANNA, LLC and MARIO SPINA, Individually, by and through their respective undersigned counsel, hereby file this Joint Motion Requesting Order Approving Confidential Settlement Agreement and to Dismiss Lawsuit With Prejudice. The parties state the following in support:

**I.    STATEMENT OF FACTS**

    1.    On October 24, 2018, Plaintiff filed the instant action, asserting claims for unpaid overtime and minimum wages in violation of the Fair Labor Standards Act ("FLSA"). *See* ECF No. 1.

    2.    On January 11, 2018, Defendants filed their Answer to the Complaint, in which Defendants denied that the FLSA was violated and denied that Plaintiff was entitled to any recovery under the FLSA. *See* ECF No. 17.

    3.    Notwithstanding the parties' disagreement over the legal and factual merits of the allegations and the scope of any potential damages, the parties engaged in written discovery,

several depositions, and, ultimately, settlement discussions in an attempt to see if the instant action could be resolved without further litigation.

4.	After careful review and analysis of relevant documents and information, including but not limited to pay and time records exchanged during discovery, the parties reached an agreement to resolve and settle all of the claims asserted by Plaintiff against Defendants. The parties reached agreement and prepared and signed a Settlement Agreement ("Settlement Agreement") that memorializes the monetary and non-monetary terms and conditions of the settlement.

5.	In accordance with the applicable requirements for settling an FLSA claim, the parties hereby seek the Court's approval of the settlement that they have entered into to resolve their dispute. The parties further stipulate to the dismissal of the instant action in its entirety, with prejudice, after the Court has reviewed and approved the settlement agreement.

## II.   ARGUMENT

Pursuant to the Fair Labor Standards Act ("FLSA"), claims for overtime and minimum wage compensation arising under the FLSA may only be settled or compromised with the approval of the district court or the Secretary of Labor. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.*

As discussed above, the parties dispute whether any liability exists in the instant action. Nonetheless, the parties have agreed to settle all of the claims in this dispute, and have executed a

Settlement Agreement. The parties agree that the settlement terms they reached represent a fair and equitable resolution of their dispute. Plaintiff is receiving a reasonable and satisfactory recovery of an agreed upon sum, plus payment of an agreed upon amount of attorneys' fees and costs. The attorneys' fees and costs were negotiated and agreed upon separately from the amount Plaintiff is receiving. The terms of the Confidential Settlement Agreement are contingent upon approval by the Court. Thus, the parties respectfully request that the Court approve their settlement and issue an Order dismissing this action with prejudice.

     The parties have agreed to keep the specific terms and conditions of the Settlement Agreement as confidential. To that end, the parties respectfully request approval to present the Settlement Agreement to the Court, in its written and executed form, for an *in camera* review, in order to protect the confidential nature of the agreement. By allowing an *in camera* review, the Court can consider the agreement and still protect the confidentiality that the parties bargained for. Alternatively, if the Court prefers, the parties can present the Settlement Agreement for the Court to review and discuss with the parties at a fairness hearing, they can file a redacted version of the Settlement Agreement (and provide the Court with an unredacted version for an *in camera* review), or they can proceed in any other manner the Court allows that protects the confidential nature of the agreement. Other judges in the Southern District have permitted parties in an FLSA settlement to submit confidential settlement agreements for an *in camera* review, participate in a hearing, and/or allow review of the agreement via other methods, without having to publicly file the agreements in the case docket. *See Scarpati v. Klima, LLC,* Case No. 1:16-cv-22709-Gayles (ECF No. 25, 10/18/16 Endorsed Order approving settlement agreement after agreeing to request for *in camera* review of agreement); *Jonathas v. Avaya Inc.,* Case No. 14-20351-Civ-Martinez (ECF No. 17, 7/22/14 Order granting request to submit copy of agreement for *in camera* review); *Cambana*

*v. Noble Interstate Management Company, LLC,* Case No. 13-80088-Civ-Marra (ECF No. 27, 11/6/13 Order setting hearing to discuss and approve agreement); *Garcia v. M & R Distributors International, Inc.,* 1:12-cv-24357-Martinez (ECF No. 20, 3/13/13 Paperless Order granting joint motion requesting approval of settlement agreement via *in camera* review); *Graham v. Flextronics America, LLC,* Case No. 10-cv-61947-Cohn (ECF No. 25, 2/24/11 Final Order of Dismissal approving FLSA settlement agreement after *in camera* review).

WHEREFORE, the parties respectfully request that the Court review the Settlement Agreement in a manner that protects its confidential nature, and then enter an Order approving the terms of the settlement of the instant action, and dismissing this action in its entirety, with prejudice.

DATED this 5th day of July 2018.

Respectfully submitted,

| | |
|---|---|
| **/s/ Noah E. Storch** | **/s/ Adi Amit** |
| Noah E. Storch, Esquire | Adi Amit, Esquire |
| Florida Bar No.: 0085476 | Florida Bar No. 35257 |
| Richard Celler Legal, P.A. | Lubell Rosen |
| 7450 Griffin Rd. | 200 South Andrews Avenue |
| Suite 230 | Suite 900 |
| Davie, FL 33314 | Fort Lauderdale, FL 33301 |
| Telephone: (866) 344-9243 | Telephone: (954) 880-9500 |
| Facsimile: (954) 337-2771 | Facsimile: (954) 755-2993 |
| Email: Noah@floridaovertimelawyer.com | E-Mail: adi@lubellrosen.com |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendant* |